```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MILTON RODRIGUEZ,                              MEMORANDUM DECISION
                                                   AND ORDER
                    Plaintiff,                 00 CV 8022 (GBD)

        -against-

JAMES KENNY, et al.,
                    Defendants.
------------------------------------------------------------x
```

GEORGE B. DANIELS, DISTRICT JUDGE:

*Pro se* plaintiff[1] commenced this discrimination action, under Title VII of the Civil Rights Act of 1964 ("Title VII"), and under the Americans with Disabilities Act of 1990 ("ADA").

Plaintiff's original complaint sued the New York State Family Courts, as his "employer." Defendant moved to dismiss the complaint on the grounds that the New York State Family Courts could not be named as a proper party. This Court informed plaintiff that he had not sued the proper party, and plaintiff was afforded an opportunity to amend his complaint.[2] Plaintiff filed an amended complaint which named six individual defendants who are allegedly employees working in the New York State Family Courts.[3]

Plaintiff's attempt to amend the complaint suffers from a similar deficiency. The law is well settled that individuals cannot be held liable for Title VII and ADA violations. See eg.,

---

[1] Prior to his termination, plaintiff was a probationary state court interpreter.

[2] Plaintiff was given an opportunity to make a minimal showing of any reasonable basis upon which he can assert a legally viable claim.

[3] The amended complaint identifies the defendants as holding the following positions within the family courts: the New York County Chief Clerk; two New York County Interpreter Supervisors; the Queens County Interpreter Supervisor; a Bronx Family Court psychiatrist, who evaluated plaintiff; and the Queens County Deputy Chief Clerk.

Arculeo v. On-Site Sales & Mkg., LLC, 425 F.3d 193, 196 n.2 (2d Cir. 2005); Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004); Weeks v. New York State (Div. of Parole), 273 F.3d 76, 81 n.1 (2d Cir. 2001); Wrighten v. Glowki, 232 F.3d 119, 120 (2d Cir. 2000); Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); Aquino v. Prudential Life & Cas. Ins. Co., - - F.Supp.2d - -, 2005 WL 486563, at *13 (E.D.N.Y. Mar. 1, 2005); Lennon v. New York City, 392 F.Supp.2d 630, 640 (S.D.N.Y. 2005); King v. Town of Wallkill, 302 F.Supp.2d 279, 295 (S.D.N.Y. 2004); Medlin v. Rome Strip Steel Co., Inc., 294 F.Supp.2d 279, 287 n.6 (N.D.N.Y. 2003); Gentile v. Town of Huntington, 288 F.Supp.2d 316, 322 (E.D.N.Y. 2003); Cioce v. County of Westchester, 2003 WL 21750052, at *4 n.9 (S.D.N.Y. July 28, 2003), *aff'd*, 128 Fed.Appx. 181 (2d Cir. 2005); Winokur v. Office of Court Admin., 190 F.Supp.2d 444, 449-50 (E.D.N.Y. 2002); Altman v. New York City Health & Hosps. Corp., 903 F.Supp. 503, 308 (S.D.N.Y. 1995), *aff'd*, 100 F.3d 1054 (2d Cir. 1996).

Since plaintiff is proceeding *pro se*, the pleadings of the amended complaint are to be liberally construed and interpreted in such a manner as to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This is especially true with regard to a *pro se* complaint asserting civil rights violations. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). In discrimination cases, the pleading requirements "'are very lenient, even *de minimis.*'" Id. (quoting Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998)). The factual allegations of a civil rights complaint do not have to make out a *prima facie* showing of discrimination. Rather, an employment discrimination complaint need only satisfy the requirements of Fed.R.Civ.P. 8(a)(2), by setting forth a short and plain statement of plaintiff's claims showing that he is entitled to relief under

2

Title VII and the ADA.[4]  Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

In examining the legal sufficiency of a complaint, under Fed.R.Civ.P. 12(b)(6), the Court must accept the factual allegations as true and draw all reasonable inferences in plaintiff's favor. Hartford Courant Co. v. Pellerino, 380 F.3d 83, 89-90 (2d Cir. 2004) (quoting Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 194 (2d Cir. 2003)); Courtenay

---

[4] An examination of the allegations of plaintiff's claims fail to reveal a cognizable cause of action.  The Title VII cause of action is not based on any discriminatory action taken against plaintiff himself on the basis of race, color, gender, religion or national origin.  Rather, the Title VII cause of action is premised on plaintiff's belief that Spanish-speaking litigants, in the Bronx County Family Court, are discriminated against because interpreters are required to provide simultaneous interpretation.

Plaintiff further claims he was retaliated against because he complained of the alleged discriminatory treatment of Spanish-speaking parties.  Such a retaliation claim cannot, as pled, survive.  Title VII prohibits subjecting an employee to retaliatory treatment because he objected to discriminatory practices.  Nevertheless, not all forms of protest regarding discriminatory treatment occurring at the workplace give rise to a retaliation claim under Title VII.  Matima v. Celli, 228 F.3d 68, 79 (2d Cir. 2000).  The claimed discriminatory practice at the Bronx County Family Court was not directed at any court employees, but rather allegedly affected a certain segment of the public.  Accordingly, a claim of retaliation, under Title VII, cannot lie because plaintiff's protestations to his superiors regarding the alleged discriminatory activity "was not directed at an unlawful *employment practice* of his employer." Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 135 (2d Cir. 1999).

Nor does plaintiff state a cognizable ADA claim because the factual allegations, taken as true, fail to establish that plaintiff suffers from a disability, as that term is defined under the ADA.  In the amended complaint, plaintiff acknowledges this legal deficiency by noting:

> The fact that the ADA does not provide proper accommodations for temporary disabilities was not known by the plaintiff when he made his complaints and does not invalidate the BONA FIDE nature of his complaint nor did it give legal justification for harassment and retaliation which subsequently took place and which was partially motivated by such complaints.  Please let the Federal District Court take note that I am only claiming discrimination under ADA in so far that several good faith requests were made based on the mistaken notion that this law authorized accommodations for temporary disabilities and that such claims originated posterior harassment and retaliatory behavior.  In other words that such ADA claims are not made per se in this complaint but to help lay the foundation for retaliation claims under Title VII of the Civil Rights Act. (Am. Compl. p. 2).

3

Communications Corp v. Hall, 334 F.3d 210, 213 (2d Cir. 2003) (quoting Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999)). A complaint may not be dismissed unless it appears beyond doubt, that even when liberally construing the complaint, plaintiff can present no set of facts entitling him to relief. Conley v. Gibson, 355 U.S. 41, 46 (1957); Courtenay, 334 F.3d at 213.

Plaintiff has not named any defendant that can be held liable for the acts of which he complains. Both the original and amended complaints fail to state a claim upon which relief may be granted. Accordingly, the case is dismissed.

Dated: New York, New York
December 6, 2005

SO ORDERED:

/s/ George B. Daniels
GEORGE B. DANIELS
United States District Judge